UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**WILLIAM BRADLEY TIDE,**

    Plaintiff,

v.                                        Case No: 8:21-CV-2657-WFJ-TGW

**CHRIS NOCCO,** *et al.*,

    Defendants.
_____/

**ORDER**

THIS CAUSE comes before the Court on Plaintiff William Bradley Tide's civil rights complaint, filed pursuant to 42 U.S.C. §1983. Upon review, *see* 28 U.S.C. §1915A, because Mr. Tide has not set forth his claims adequately, he will be required to file an amended complaint if he desires to proceed in this case.

Mr. Tide sues the following Pasco County officials in their individual and official capacities: Officer Wesley Flood, Detective Sean Rozankowski, and Officer Eason. Mr. Tide claims that on November 16, 2017, while being detained for trial in Pasco County, Florida, he was the victim of two separate assaults. (Doc. 1 at 4). He claims that the incidents happened between 9am and 5pm. (Doc. 1 at 4–5). Plaintiff alleges that he was first assaulted by Officer Eason in the jail and that the second attack also happened inside the jail in a different area. Plaintiff suffered

scratches, bruises, three broken ribs, and internal bleeding. (Doc. 1 at 5). Afterwards, Plaintiff was taken to an outside hospital and kept overnight. (Doc. 1 at 5). Plaintiff seeks $500,000 in damages. In addition, Plaintiff asks the court to consider appointing an attorney to help represent Plaintiff and wave any fees in this case.

    Mr. Tide's allegations are insufficient to state a claim for the use of excessive force. Although he explains that Officer Eason was involved in the first assault, he does not describe any actions taken by the other two named defendants. *See, e.g.*, *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (citing *Pamel Corp. v. P.R. Highway Auth.*, 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.")). Further, Mr. Tide does not set forth any facts about how the assaults occurred. *See e.g.,* *Lancaster v. Adams,* No. 3:21-cv-559-BJD-JBT, 2021 WL 4502796, at *2 (M.D. Fla. Oct. 1, 2021) ("If [p]laintiff wishes to proceed on a Fourth Amendment excessive force claim against the arresting officers, he must explain the circumstances under which force was used, including what he did and said, what each officer did and said, and the nature and extent of any injuries he sustained.").

    Although he does not list him in the appropriate place as defendants, Mr. Tide also lists Sheriff Chris Nocco as a defendant on the first page of the complaint. (Doc. 1 at 1, 2–3). However, Mr. Tide does not describe any actions taken by the

Sheriff. Mr. Tide cannot hold Sheriff Nocco liable merely because he was a supervisor. *See Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Instead, to hold the Sheriff liable under Section 1983, he must allege that "the moving force of the constitutional violation" was an official policy or custom. *See Vineyard v. County of Murray, Ga.*, 990 F.2d 1207, 1211 (1993) (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981)). Mr. Tide has not alleged any such policy or custom.

To the extent that Mr. Tide requests the appointment of counsel, a civil litigant, including a prisoner proceeding *pro se*, has no absolute constitutional right to the appointment of counsel. *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987). Instead, appointment of counsel is a privilege, which is justified only by exceptional circumstances, such as when the facts and legal issues are so novel or complex as to require the assistance of counsel. *Id*. Here, Mr. Tide provides no explanation to support his request for the appointment of counsel, and his allegations do not demonstrate complex facts or legal issues requiring the assistance of counsel at this stage of the proceedings.

Accordingly, it is **ORDERED** that:

1. The complaint (Doc. 1) is **DISMISSED without prejudice**.

2. If Mr. Tide desires to amend his complaint to remedy the noted deficiencies, he shall file an Amended Complaint within **THIRTY (30) DAYS** of the date of this order.

    a. **Mr. Tide is advised that failure to fully comply with this Order will result in the dismissal of this action, for failure to state a claim, without further notice.**

    b. To amend his complaint, Mr. Tide should completely fill out a new civil rights complaint form, marking it "Amended Complaint." The amended complaint must include all of Mr. Tide's claims in this action; it may not refer back to or incorporate the original complaint. **The amended complaint supersedes the original complaint, and all claims must be raised in the amended complaint.**

    c. The Amended Complaint, as with the original Complaint, will be subject to initial screening under 28 U.S.C. § 1915A.

3. The Clerk is **DIRECTED** to mail to Mr. Tide along with this Order, a copy of the standard prisoner civil rights complaint form.

**DONE** and **ORDERED** in Tampa, Florida on August 15, 2022.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE